West'n District
*Aug.* 1823.

LABARTHE
*vs.*
GERBEAU.

## LABARTHE vs. GERBEAU.

APPEAL from the court of the fifth district.

The subscribing witness to an instrument must be produced or his absence accounted for.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note. The defendant pleaded the general issue. On the trial the plaintiff offered, as a witness, to prove the execution of the obligation sued on, the parish judge of St. Mary's, who had certified on it the consideration for which it was given. The defendant objected to his testimony, on the ground, that there was a subscribing witness to the note, who should be produced or his absence accounted for. The judge admitted the evidence offered, and the correctness of his decision is brought before us, by a bill of exceptions.

We think he erred. There is no rule better established than that, which requires, that the witness who subscribes an instrument of writing, should be resorted to, in the first instance to prove it ; and that other testimony cannot be heard until his non-production is accounted for.—*Phillips on ev.* 412. Many plausible reasons have been given to induce us to conclude that the testimony of the parish judge should

be considered as satisfactory, as that of the person who signed as a witness. These reasons if adopted by us would destroy the rule entirely, or at least introduce so many exceptions to it that it would rarely have any effect. It is founded, however, on the soundest principles, and it must govern this case. The subscribing witnesses must be presumed to have had a knowledge of the circumstances of the transaction, not possessed by other persons. He was selected by the parties to be the witness of the contract sued on, and on every consideration, his evidence was the best of which the case was susceptible.

The opinion we entertain on this point, renders it unnecessary to express any on that made by the counsel for the appellant, as to the illegality of serving notice on him to take testimony, when his client was not absent from the state.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the case be remanded for a new trial; and that the appellee pay the costs of the appeal.

West'n District
Aug. 1823.

LABARTHE
vs.
GERBEAU.

West'n District
*Aug.* 1823.

LABARTHE
*vs.*
GERBEAU.

*Simon* for the plaintiff, *Fennessy* for the defendant.